Judge Mills
delivered the opinion of the court.
Willis Morgan, for his use, in the name of With, obtained a judgment in the court below, for the breach of the covenant of a bond, binding Bradley to convey a tract of land. This bond was executed by Bradley to With, who assigned it to Charles Morgan, who assigned it to Willis Morgan. To be relieved against this judgment, Bradley filed his bill, setting up, as grounds of relief, 1st, That he had received a letter of attorney from Charles Morgan to sell the same land, which was to be conveyed by Bradley’s bond to With, and out of the proceeds of the sale to pay and satisfy himself for the excess in a land contract which Morgan had made with Samuel Boone; and that Boone had assigned this contract to Samuel Boone, jr. and Roger Jones, but had given one third of it previously to him, Bradley, and that the assignment thereof to Boone the younger, and Jones, was for his benefit as to that third. That in the contract Boone the elder had sold Wood’s pre-emption to Charles Morgan, and as the consideration thereof, C. Morgan paid said Boone 247 acres where he, Boone, resided; but if more than 247 acres was held by Wood’s pre-emption, so sold to Morgan, he, Morgan, was to pay for the excess in other lands. That he had sold the land pursuant to the power; but that it was not yet ascertained what would be secure by Wood’s pre-emption, and therefore the price of the land sold could not yet be ascertained for what excess Morgan was to account.
2dly. He alledges that he, Bradley, had purchased of James Grimes, and obtained the assignment of a bond executed by C. Morgan to Richard Wade in 1784, and assigned in 1785 to said Grimes, and by Grimes to Bradley, conditioned for the conveyance of 200 acres of land on Slate creek, which bond he alledged was broken by a failure to convey on the part of Morgan, and this claim he prays to be discounted likewise.
3dly. He alledges that the court and jury, on the trial at law in the suit of With for the use of Morgan, made a mistake in the quantum of damages, and charged him with the value of the land to be conveyed at the time of the trial, and not at the date of the contract, which was very small, indeed: and he prays that this mistake be corrected. *370 He obtained an injunction, which, on a final hearing, the below dissolved, and decreed that unless Bradley, on or before a day named in the decree, should, by an amendment to his bill, make Samuel Boone, sen., Samuel Boone, jr., Roger Jones, Richard Wade, and James Grimes, parties, his bill should be dismissed without prejudice This amendment was refused by Bradley; and the bill dismissed accordingly. From which decree Bradley has appealed.
A chancellor should not decree a verbal contract by which an obligee agrees to a discount of his contingent future liability, if land sold is lost, in discharge of a present duty of the obligor—because it is verbal, and because it is executory, & depends on a future event which may never happen.
A chancellor cannot set off an unliquidated land contract against a judgment at law.
A chancellor cannot revise the errors in law of courts of law—another tribunal is provided for that purpose.
An assignee resorting to equity for a specific execution ag’nst an obligor, should bring his assignors before the court.
On reviewing this case, we discover no error in the proceedings of the court below. On the first ground of equity, the jurisdiction of the chancellor cannot be supported. It set up a verbal contract between the parties, in which C. Morgan is alledged to have agreed to accept, in discharge of the bond on which judgment is founded, compensation for the breach, by a discount in another contract for lands, in which the event of Morgan's liability, at all, was future and contingent, and therefore not yet executed. If this award and satisfaction had been complete by an acceptance of the satisfaction after the breach, on the part of Morgan, before the trial at law, it might have then been pleaded. But as it was verbal, and an accord only, and tending to retard the operation of the obligation on Bradley, the chancellor ought not to decree it specifically, and delay the recovery at law till the event happened, when Morgan then would have the right to reject the satisfaction stipulated.
The second ground of equity is equally untenable. The chancellor ought not to attempt to liquidate and set off an unliquidated landed contract against a judgment, when the parties' remedy at law was complete. The allegation of Morgan's insolvency cannot be availing; for it is denied, and not supported by proof.
On the third ground of equity, the chancellor will not, and ought not, to act the part of a revising court over the mistakes of law made by a court of common law. To correct these, another tribunal is provided competent for the task. On this point his bill was properly dismissed. Although Bradley was not entitled to relief by injunction, yet as on the landed contracts which he held on C. Morgan, he might have been entitled to a specific execution, and to compensation in case the former could not be obtained, he was properly directed to bring the parties concerned in interest before the court; and as the assignments of these contracts could only give him an equity in, and not a legal title to *371 these contracts, on account of the date at which they were made, and on one of them he had no assignment at all when his bill was filed, his assignors ought to have been before the court; and on his refusal to bring them there, his bill was properly dismissed.
Wickliffe for appellant, Humphries for appellee.
The decree must therefore be affirmed with costs and damages, upon the damages given below.